PER CURIAM.
The appellant asks this court to find that the revocation of his probation was improper and, therefore, that his resulting convictions and sentences on the underlying offenses be reversed. We find no merit in the appellant’s argument that his probationary term was illegally imposed.
We do agree with the appellant that the judgment of guilt in Case No. 89-2982F should be corrected to reflect that the offense of attempted trafficking in cocaine is a second degree felony, not a first degree felony as reflected in that judgment. The appellant also argues that some of the court costs imposed upon him are improper because they are not authorized by the statutes cited. These citations are apparently misprinted on the judgment form. We remand for correction of the judgment to show the current applicable statutory authority for the imposition of the costs. See Veracierta v. State, 589 So.2d 950 (Fla.2d DCA 1991).
Accordingly, we reverse the judgments in this case solely for the purpose of correcting the clerical error in the judgment in Case No. 89-2932F and for the purpose of correcting the statutory authority for the court costs. In all other respects, the judgments and sentences in this case are affirmed.
DANAHY, A.C.J., and CAMPBELL and ALTENBERND, JJ., concur.